1  ESPADA CRIMINAL DEFENSE
   Attorneys for Plaintiff
2  J. TALITHA HAZELTON
   WSBA No. 52460
3  1001 4th Ave., Ste. 3200
   Seattle, WA 98154
4  (206) 467-5987

5

6                  **UNITED STATES DISTRICT COURT**
7                  **EASTERN DISTRICT OF WASHINGTON**

8  JOSE ALFREDO RIVERA-RUIZ, on         **NO. 19-CV-00170**
   behalf of himself and a class of
9  all others similarly situated,       **COMPLAINT FOR DECLARATORY AND**
                                         **INJUNCTIVE RELIEF ALONG WITH**
10                        Plaintiff,     **MONEY DAMAGES**

11       v.

12  DOUGLAS COUNTY; GORDON EDGAR,
    Prosecuting Attorney for Douglas
13  County, in his official and
    individual capacities; U.S.
14  DEPARTMENT OF HOMELAND SECURITY;
    KEVIN MCALEENAN, in his official
15  capacity as Secretary of the
    Department of Homeland Security,
16  and the UNITED STATES OF
    AMERICA,
17
             Defendants.
18

19

20

21

22

23

COMPLAINT - 1

## I.    INTRODUCTION

1.    The U.S. Supreme Court has held several times that a defendant must be provided counsel upon their first appearance before a magistrate.[1]

2.    It is also well settled by the U.S. Supreme Court that the state, acting through its prosecutorial power, may not take advantage of unrepresented defendants.

3.    The practice in Douglas County Superior Court for about twelve (12) years has been that indigent defendants are assigned a contract public defender at their preliminary hearing.

4.    But the defendant must then call a phone number after the hearing to have a specific attorney assigned and set a date to meet with them.

5.    Therefore, those defendants go unrepresented at their preliminary hearing.

6.    After "appointing" defendants an attorney, the court then determines whether there is probable cause and if conditions of release should be imposed.

---

[1] This section is a syllabus. Citation to case law or the record is omitted.

COMPLAINT - 2

7.    The  Douglas  County  Prosecutor's  Office  has  been taking  advantage  of  *immigrant*  defendants  that  go  unrepresented at  their  preliminary  appearance  to  send  those  individuals  into summary deportation proceedings, to wit:

    a. The  jail  informs  the  prosecutor  whether  a defendant  has  an  immigration  hold  before  the preliminary hearing.

    b. The  prosecutor's  office  charges  the  defendant with  a  crime  that  will  prevent  them  from  receiving conditions of release from immigration custody.

    c. The  prosecutor's  office  requests  at  the preliminary  hearing  that  the  court  not  set  a  bond, and  release  the  defendant  on  their  recognizance,  but with  other  conditions  of  release,  such  as  appearing at all further hearings.

    d. The  defendant  is  not  informed  of  their immigration  hold  or  what  the  consequences  of  their "release" will be.

    e. The  defendant,  unrepresented,  has  no  one  to advocate their or behalf.

    f. The  defendant  is  released  from  jail  and  into immigration custody.

     g. The defendant, unable to gain release from immigration custody, is unable to attend their next hearing.

     h. The prosecutor requests a bench warrant, which is not uncommon for a court to grant.

     i. The prosecutor objects to any litigation or negotiation unless the defendant is able to quash the bench warrant or appear for court.

     j. The defendant is deported.

     k. Because the defendant has an open bench warrant, they have no chance to return legally or convert their status.

8.    When the family of Jose Rivera-Ruiz ("Mr. Rivera") contacted undersigned counsel to represent him, Mr. Rivera was in immigration custody at the Northwest Detention Center ("NWDC").

9.    Originally, when Mr. Rivera was arrested for allegedly giving marijuana to his friend's son, he was taken to the Okanagan County Jail. The Okanagan County Jail sent an e-mail alerting other local government agencies and officials that Mr. Rivera had been booked and had an "immigration hold." In other words – if Mr. Rivera were to be released from jail, he would be immediately detained by Customs and Border

COMPLAINT - 4

Protection ("CBP") and transferred to the Northwest Detention Center.

10.    The Chief Prosecutor for Douglas County assigned Mr. Rivera's case to a deputy for review and charging. Mr. Rivera was charged with a felony in Douglas County – distributing marijuana to someone under 18 years of age – and was transported to the Douglas County Jail to prepare to make his "preliminary appearance" in Douglas County Superior Court. At this hearing, a judge would determine if there is probable cause and whether to detain or release a defendant on specific conditions.  Mr. Rivera appeared at this preliminary hearing by video from the jail. Also in attendance were a Spanish interpreter, a judge pro tempore, and the chief prosecutor for Douglas County.

11.    Mr. Rivera asked for counsel to be appointed and after a colloquy as to his finances, the Court appointed him a "contract public defender." Mr. Rivera was ordered to contact the "public defender coordinator" within one business day of the preliminary hearing to receive a specific attorney assignment.

12.    The Court then found probable cause, granted the prosecution's request that Mr. Rivera be released on his own recognizance on specific conditions, and gave Mr. Rivera a new hearing date at which to appear for his arraignment.

COMPLAINT - 5

13.  Mr. Rivera, unrepresented, was completely unaware that his release from Douglas County Jail meant that he would be released to immigration custody and transported to the NWDC to be detained. No one in the courtroom alerted Mr. Rivera to this issue, and no one spoke on his behalf.

14.  So, upon his release from Douglas County Jail, Mr. Rivera was transported to the NWDC. Because he was charged with a felony drug offense, Mr. Rivera was denied any conditions of release from immigration custody. Because he was denied release from immigration detention, Mr. Rivera was unable to attend his arraignment. At his arraignment, the prosecutor, knowing the exact reason why Mr. Rivera was unable to appear, asked for and was granted a bench warrant for Mr. Rivera's failure to appear. As of today's date, the warrant is outstanding.

15.  Mr. Rivera is scheduled for a hearing in immigration court on June 6th, 2019. While Mr. Rivera is in the United States without any immigration status, he has two American-born children, and can convert his status to legal residency through them. However, if by the date of his immigration hearing he is still in custody at NWDC, or he has not otherwise appropriately resolved his criminal case in Douglas County, Mr. Rivera will be deported, his chance to convert his immigration status will disappear, and he will have an open warrant in Douglas County, effectively preventing him future access to the United States.

COMPLAINT - 6

16.   Undersigned counsel was then contacted by Mr. Rivera's family.

17.   Undersigned counsel filed a motion to suppress the arrest and the statements made in the state criminal case. But the State actively objected to Mr. Rivera-Ruiz receiving hearing time before the court to litigate absent physical presence in court for advisement of rights. Undersigned counsel offered to have Mr. Rivera execute signed waivers of his presence at any hearing with a detailed recitation of the rights at attendant hearing and waiver of same. Still, the State objected.

18.   Undersigned counsel has filed a motion to dismiss in Douglas County for violations of Mr. Rivera's Fifth and Sixth Amendment rights to due process and counsel, and for prosecutorial misconduct for the unconstitutional actions taken against Mr. Rivera.

19.   Nevertheless, dismissal of Mr. Rivera's criminal case will not stop the constitutional violations inherent in Douglas County's criminal justice system.

20.   Mr. Rivera therefore brings this § 1983 suit against Douglas County and the Douglas County Prosecutor in his personal and official capacity for (I) violation of Mr. Rivera's Sixth Amendment right to counsel; and (II) violation of his Fifth Amendment right to due process.

COMPLAINT - 7

21.  Mr. Rivera requests that this Court certify a class action, with himself as the class representative, and requests that this Court temporarily enjoin Defendants Douglas County and the Chief Douglas County Prosecutor Gordon Edgar from (a) continuing to have defendants appear unrepresented at their preliminary appearance, and from (b) keeping secret from defendants and defense counsel the fact of the existence of an immigration hold. Mr. Rivera requests that an expedited hearing on whether to make these temporary restraining orders permanent within fourteen (14) days.

22.  Mr. Rivera requests that this Court certify a class action, with himself as the class representative, and requests that this Court temporarily enjoin Douglas County and the Douglas County Prosecutor from (a) continuing to have defendants appear unrepresented at their preliminary appearance, and from (b) keeping secret from defendants and defense counsel the fact of the existence of an immigration hold. Mr. Rivera requests that an expedited hearing on whether to make this temporary restraining order permanent also be set.

23.  Mr. Rivera requests that this Court issue a temporary order enjoining the immigration proceedings against Mr. Rivera until his criminal case may be resolved, and releasing Mr. Rivera to the Douglas County Jail so that he may litigate his criminal case in Douglas County Superior Court.

COMPLAINT - 8

24.  Mr. Rivera requests that this Court issue a temporary order requiring defendants Customs and Border Patrol, the United States of America, and Douglas County to ensure transport of Mr. Rivera back to the Douglas County Jail so that he may litigate his case.

25.  Mr. Rivera requests that this Court add these temporary restraining orders to the expedited already requested for the previous temporary orders preventing Douglas County from allowing defendants from going unrepresented at their preliminary appearance and requiring that the fact of an immigration hold must be shared with defendants.

26.  Finally, Mr. Rivera asks for monetary damages, punitive damages, and attorneys' fees, as well as any other relief this Court deems equitable.

## II. PARTIES

27.  Plaintiff JOSE RIVERA-RUIZ, is a resident of Douglas County.

28.  Defendant DOUGLAS COUNTY, a local governmental unit, formed under the laws of the State of Washington.

29.  Defendant GORDON EDGAR, CHIEF PROSECUTING ATTORNEY FOR DOUGLAS COUNTY, in his official and individual capacity.

30.  Defendant U.S. Department of Homeland Security ("DHS") is a federal cabinet agency responsible for implementing and enforcing the Immigration and Nationality Act.

COMPLAINT - 9

DHS is a Department of the Executive Branch of the United States Government and is a federal agency. The U.S. Customs and Border Protection is responsible for detaining and/or removing non-citizen immigrants.

31. Defendant Kevin McAleenan is the Secretary of the Department of Homeland Security. He is responsible for implementing and enforcing the Immigration and Nationality Act ("INA"), and oversees the U.S. Customs and Border Protection. He is sued in his official capacity.

32. Defendant UNITED STATES OF AMERICA includes all government agencies and departments responsible for the implementation of the INA and detention and/or removal of non-citizen immigrants, and other such governmental sub-units who are necessary and proper defendants.

### III. JURISDICTION

33. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 2201.

34. Venue is proper in this Court as the defendants' acts as officers of their governmental units, and under color of law, in Douglas County, Washington, located in the Eastern District of Washington.

### IV.  GENERAL ALLEGATIONS

COMPLAINT - 10

35.  Plaintiff JOSE RIVERA-RUIZ ("MR. RIVERA") is in the UNITED STATES as an undocumented immigrant. *Decl. of Counsel*, attached to Compl., Ex. A.

36.  MR. RIVERA has lived in the United States for more than FIFTEEN (15) YEARS.

37.  MR. RIVERA has children who are natural-born citizens of the UNITED STATES.

38.  Because he has children who are natural-born citizens, MR. RIVERA is able to convert his immigration status to become a resident of the United States.

39.  On January 24, 2019, MR. RIVERA was arrested for suspicion of distributing marijuana to a person under the age of 18 years old.

40.  MR. RIVERA was ARRESTED and taken to the Okanogan County Jail.

41.  During booking, MR. RIVERA stated his birthplace was MEXICO. See E-*mail from Hobbs to Various Recipients*, Ex. B; *USDHS I-213 Form*, Ex. C.

42.  The Okanagan County Jail contacted Customs and Border Patrol ("CBP").

43.  During an interview with CBP, MR. RIVERA admitted to not having the proper immigration documentation. Ex. C.

44.  Christine Hobbs, Jail Records Deputy at the Okanogan County Jail, e-mailed several Douglas and Okanogan County

COMPLAINT - 11

government recipients, including the jail, court, and prosecutor's office. That e-mail stated that MR. RIVERA had been booked and that he had "an Immigration/Border Patrol Hold at this time." Ex. B.

45. A post-it note attached to a print out of that e-mail in the file for the DOUGLAS COUNTY PROSECUTING AUTHORITY states "assign to KP for review & charging". Ex. B.

46. On January 25, 2019, MR. RIVERA appeared via video conference for a preliminary hearing – the very first hearing a detained defendant attends after being arrested. See *Criminal Minute Sheet*, Ex. D.

47. Present at the preliminary hearing were Judge Pro Tempore Biggar and Mr. Gordon Edgar, the Chief Prosecuting Attorney for Douglas County. Ex. D.

48. An interpreter was present, as was a court clerk.

49. MR. RIVERA asked for COUNSEL. See *Verbatim Trans. of Proceedings for Preliminary Hearing*, at 6-7, Ex. E.

50. COUNSEL was ASSIGNED to MR. RIVERA.

51. BUT because counsel was appointed *at* the preliminary hearing, NONE WAS PRESENT *at that hearing*. Instead, MR. RIVERA was instructed by the court to contact his attorney in the future. Ex. E, at 7; *Order on Preliminary Appearance*, Ex. F.

COMPLAINT - 12

52.   THEREFORE, NO COUNSEL appeared at the preliminary hearing to advocate for MR. RIVERA and NO COUNSEL appeared on his behalf.

53.   Therefore, only one party – the State – was represented at the preliminary hearing.

54.   The Prosecutor's Office requested that MR. RIVERA be released on personal recognizance. *Recommendations of Prosecuting Attorney on Preliminary Appearance*, Ex. G.

55.   Mr. Rivera, unrepresented and without an advocate, had no input as to what conditions of release should be imposed.

56.   Not the prosecutor, nor the court – no courtroom participant informed MR. RIVERA that there was an outstanding immigration hold, and that he would be detained by immigration as soon as he was released.

57.   NO ONE shared this information with MR. RIVERA.

58.   MR. RIVERA, unaware that he would be detained by CBP upon release, was released on personal recognizance.

59.   The court directed the prosecutor's office to file formal charges by January 29, 2019 and set the next hearing date – arraignment – for February 25, 2019. Ex. E; Ex. F.

60.   Upon being released from the Okanagan County Jail, MR. RIVERA was detained by CBP and taken to the NORTHWEST

COMPLAINT - 13

DETENTION CENTER ("NWDC"). See *Order re: Failure to Appear Due to Immigration Custody*, Ex. H.

61. Because MR. RIVERA was charged with a drug crime, he would be unable to convert his status to be a resident. See *Letter from Mills Law Firm*, Ex. J.

62. Because MR. RIVERA is unable to convert his status, it is highly unlikely he will be granted conditions of release from NWDC.

63. Nevertheless, because MR. RIVERA was detained at the NWDC, MR. RIVERA was unable to attend his arraignment and resolve the criminal case against him.

64. Because MR. RIVERA failed to appear, at his arraignment, the prosecutor's office requested, and the Douglas County Superior Court granted, a BENCH WARRANT against MR. RIVERA.

65. The criminal case against MR. RIVERA will remain open, and a warrant against him active, until he can appear at the DOUGLAS COUNTY SUPERIOR COURT to defend that case.

66. MR. RIVERA has a court date for status conference on deportation proceedings in Immigration Court on June 6, 2019.

67. At that conference, if MR. RIVERA is still in immigration custody, then he will most likely be deported and will not be able to convert his immigration status.

COMPLAINT - 14

68.   If MR. RIVERA had remained in detention at the Okanagan County Jail, he would have been able to continue litigating and negotiating his case until its resolution.

69.   During this period, MR. RIVERA contracted counsel for his criminal case.

70.   Counsel in MR. RIVERA's criminal case requested to negotiate with the prosecutor's office to reduce the charges against MR. RIVERA so that he could be released and continue to convert his immigration status.

71.   That request was denied.

72.   Counsel filed and sought to litigate a motion to suppress the stop and subsequent statement.

73.   The prosecutor's office objected to a motion hearing without the defendant's physical or video presence, and without defendant being advised by the court of his rights at arraignment. See *Verbatim Trans. of Proceedings for Status Conference*, at 1-9, Ex. K.

74.   At this time, MR. RIVERA remains in custody at the NWDC, a warrant for his appearance in Douglas County Superior Court remains active, and there is no court date set for his criminal case. MR. RIVERA's immigration case nevertheless moves forward and a hearing date has been set to begin deportation proceedings.

COMPLAINT - 15

75. Douglas County Superior Court has not provided an attorney to defendants at their preliminary hearing for at least the last twelve years. See *Decl. of Christian Cervantes*, Ex. L.

## V.   CLASS ALLEGATIONS

76. Plaintiff JOSE RIVERA-RUIZ brings this action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2) individually and on behalf of other similarly-situated individuals of the following proposed class:

77. Individuals who appeared or will appear for a preliminary appearance in Douglas County Superior Court as defendants charged in a criminal case, and who were not or will not be provided counsel, and who, being a non-citizen, was, is, or will be subject to an immigration hold,

78. This class of individuals was subject to having their Sixth Amendment Right to Counsel violated when they went unrepresented at their preliminary hearings in Douglas County Superior Court.

79. That deprivation of federal rights cause class members irreparable harm, causing them to be deported from the United States.

80. The Class is so numerous that the individual joinder of all members is impracticable.

COMPLAINT - 16

81. The Class Plaintiffs' claims are typical of the claims of the Class.

82. The number of individuals who have been constitutionally injured is sufficiently numerous to make class action status the most practical method to secure redress for injuries sustained and class wide equitable relief.

83. There are clear questions of law and fact raised by the named Plaintiff's claim common to, and typical of, those raised by the Class he seeks to represent.

84. The questions of law and fact common to all members of the Class include but are not limited to: (a) whether Defendants have a duty to provide indigent persons charged with crimes with assistance of counsel; and (b) whether Defendants have breached their duties.

85. The violations of law and resulting harms alleged by the named Plaintiff are typical of the legal violations and harms suffered by all Class members.

86. Plaintiff JOSE RIVERA-RUIZ, as Class representative, will fairly and adequately protect the interests of the Class members and will vigorously prosecute the suit on behalf of the Class; and is represented by sufficiently experienced counsel.

87. The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing

COMPLAINT - 17

possible inconsistent or varying adjudications with respect to individual members of the Class and/or one or more of the Defendants.

88. Defendants have acted, failed to act, and/or are continuing to act on grounds generally applicable to all members of the Class, necessitating declaratory and injunctive relief for the Class.

## VI.   CAUSES OF ACTION

The following claims are brought pursuant to 42 U.S.C. § 1983, asserting violations of federal rights by state actors, acting under color of law, and in execution of their duties:

**FIRST CAUSE OF ACTION**
**VIOLATION OF SIXTH AMENDMENT**
**RIGHT TO COUNSEL**
**PRESENCE OF COUNSEL AT INITIAL APPERANCE**

89. Plaintiff JOSE RIVERA-RUIZ re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

90. "[T]he right to counsel guaranteed by the Sixth Amendment applies at the first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty." *Rothergy v. Gillespie Cty.*, 554 U.S. 191, 194, 128 S.Ct. 2578, 171 L.Ed.2d 366 (2008) citing *Brewer v. Williams*, 430 U.S. 387, 398-399, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), and *Michigan v.*

COMPLAINT - 18

*Jackson*, 475 U.S. 625, 629, n. 3, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986).

91.    Defendants DOUGLAS COUNTY, and GORDON EDGAR, Chief Prosecuting Attorney, have deprived Plaintiff JOSE RIVERA-RUIZ and Class members of their Sixth Amendment right to counsel by denying them an attorney at their preliminary hearing in Douglas County Superior Court.

92.    Plaintiff JOSE RIVERA-RUIZ and Class members have experienced constitutional and monetary harm by the unconstitutional processes and procedures undertaken by a policy, custom, or practice of the Defendants.

93.    The conduct of Defendants was at the very least reckless, and most likely purposeful, but nevertheless undertaken with complete indifference to Plaintiff JOSE RIVERA-RUIZ's and the Class members' federal rights to be free from violations of the Sixth Amendment to the United States Constitution.

<u>**COUNT II**</u>
**VIOLATION OF FIFTH AND FOURTHEENTH AMENDMENT**
**RIGHT TO DUE PROCESS**
**PROSECUTORIAL MISCONDUCT**

94.    Plaintiff JOSE RIVERA-RUIZ re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

COMPLAINT - 19

95.   The U.S. "Supreme Court has found that prosecutorial misconduct may occur in a variety of unique factual settings." *See Woods v. Adams*, 631 F.Supp.2d 1261, 1278 (C.D. Cal. 2009) (quoting *United States v. Williams*, 504 U.S. 36, 60, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992) (Stevens, J., concurring) ("[l]ike the Hydra slain by Hercules, prosecutorial misconduct has many heads").

96.   "Where prosecutorial misconduct has occurred, the relevant question then is whether the misconduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* (citing *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

97.   "[K]nowing exploitation by the state of an opportunity to confront the accused without counsel being present is as much a breach of the state's obligation not to circumvent the right to the assistance of counsel as is the intentional creation of such an opportunity." *Maine v. Moulton*, 474 U.S. 159, 176, 106 S.Ct. 477, 484-486, 88 L.Ed.2d 481 (1985).

98.  Defendants DOUGLAS COUNTY, and GORDON EDGAR, Chief Prosecuting Attorney, have deprived Plaintiff JOSE RIVERA-RUIZ and Class members of their Fifth and Fourteenth Amendment right to due process by taking advantage of the fact that they go

COMPLAINT - 20

unrepresented, to then send them off into a purgatory of the prosecutor's creation.

99. By doing so, the defendants are depriving Mr. Rivera and the Class members of their due process rights under the Fifth and Fourteenth Amendments.

100. Plaintiff JOSE RIVERA-RUIZ and Class members have experienced constitutional and monetary harm by the unconstitutional processes and procedures undertaken by a policy, custom, and/or practice of Defendants.

101. The conduct of Defendants was at the very least reckless, and most likely purposeful, but nevertheless undertaken with complete indifference to Plaintiff JOSE RIVERA-RUIZ's and the Class members' federal rights to be free from violations of the Fifth and Fourteenth Amendments to the United States Constitution.

## VII. RELIEF REQUESTED

102. WHEREFORE, Plaintiff JOSE RIVERA-RUIZ, on his behalf and on behalf of all defined Class members, respectfully requests this Court to –

    a. Enter an order enjoining Defendants Customs and Border Protection and United States of America from deporting the Plaintiff, MR. JOSE RIVERA-RUIZ, pending further order from this Court, and requiring his release to the Douglas County Jail;

COMPLAINT - 21

b. Enter an order requiring Defendants Customs and Border Protection, United States of America, and Douglas County, to ensure transport of Mr. Rivera to the Douglas County Jail.

c. Enter an order enjoining Defendants DOUGLAS COUNTY and GORDON EDGAR, in his official capacity, from continuing to allow defendants from going unrepresented at their preliminary appearances in Douglas County Superior Court, pending further order from this Court;

d. Enter an order enjoining Defendants DOUGLAS COUNTY and GORDON EDGAR, in his official capacity, from continuing to keep secret from defendants the existence of an "immigration hold" against them, pending further order from this Court;

e. Pursuant to Federal Rule of Civil Procedure 65(b)(2), set an expedited hearing within fourteen (14) days to determine whether the Temporary Restraining Orders should be extended;

f. Enter an order certifying this case as a Class Action;

g. Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of the Defendants as being unconstitutional;

h. Enter an order for injunctive relief to halt the illegal processes and procedures of Defendants in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

i. Enter an order for damages in the amount to be determined at a later date;

j. Enter an order for an award of punitive damages;

k. Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 23(h), and all other applicable laws, rules, or statutes; and

l. Enter an order for all such other relief the court deems equitable.

## VIII.   JURY DEMAND

103.  For all triable issues, a jury is hereby demanded.

RESPECTFULLY SUBMITTED this 16th day of MAY 2019.

*Talitha Hazelton*

J. TALITHA HAZELTON
WSBA# 52460
Attorney for Plaintiff Jose
Rivera-Ruiz


ESPADA CRIMINAL DEFENSE
1001 Fourth Ave., Ste. 3200
Seattle, WA 98154
T: (206) 467-5987

COMPLAINT - 23

E: th@espadalaw.com

COMPLAINT - 24